IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41150
Conference Calendar

_____


RAYMOND EARL CARR,

                                        Plaintiff-Appellant,

versus

ED GALLOWAY; DOUGLAS SATTERFIELD;
REED DOBBINS; UNKNOWN HARDING,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-321
- - - - - - - - - -
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Raymond Earl Carr, a Texas prisoner (# 676763), appeals from
the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C.
§ 1983 civil rights complaint for failure to exhaust
administrative remedies, pursuant 28 U.S.C. § 1997e(a).

    On appeal, Carr has not contested the district court's
conclusion that he failed to exhaust administrative remedies.
This failure is tantamount to failing to appeal the judgment.
See <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

744, 748 (5th Cir. 1987). In any event, Carr has abandoned his substantive claim that the defendants retaliated against him for exercising his First Amendment rights. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent that he raises new First Amendment claims, this court will not consider claims raised for the first time on appeal. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Carr that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Carr's motions for attorney's fees and for damages are DENIED.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTIONS DENIED.